UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01649-JWH-KES | Date | November 28, 2022 |
| Title | *Analie Ballesta v. Arbor Realty Trust, Inc., et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

Plaintiff Analie Ballesta filed this action against Defendants Arbor Realty Trust, Inc. and Ryan Nichols in Orange County Superior Court in February 2022.[1] In September 2022, shortly after Ballesta filed her Second Amended Complaint,[2] Defendants removed this action, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a).[3] In their notice of removal, Defendants assert that Ballesta's amended complaint made it clear that Nichols is a "sham defendant" who was fraudulently joined to divest the federal court of jurisdiction.[4] The Court needs more information before it can determine whether Defendants are correct.

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case

---

[1]    *See* Notice of Removal (the "Notice"), Ex. A [ECF No. 1-3].
[2]    Notice, Ex. K [ECF No. 1-13].
[3]    Notice ¶ 1.
[4]    *Id.* at ¶¶ 25-28.

originally filed in state court involves a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a) & (b). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); and *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

The issue here is the states of citizenship of Plaintiff Ballesta and Defendant Nichols, both of whom appear to be citizens of California.[5] Defendants contend that this Court should ignore Defendant Nichols' citizenship because Nichols is "a sham defendant."[6] However, the Court is not convinced, since it is not apparent from the amended complaint or the notice of removal that Nichols was fraudulently joined.

In view of the foregoing, the Court hereby **ORDERS** as follows:

1.  Defendants are **DIRECTED** to show cause in writing on or before December 2, 2022, why this action should not be remanded for lack of subject matter jurisdiction.

---

[5]   *Id.* at ¶¶ 21 & 27.

[6]   *Id.* at ¶¶ 25-28.

    2.    If Defendants respond to this order to show cause, then Ballesta may file a response on or before December 9, 2022.

    3.    An **in-person** hearing on this Order to Show Cause is **SET** for December 16, 2022, at 9:00 a.m.

    4.    On its own motion, the Court **CONTINUES** the Scheduling Conference in this case from December 2, 2022, at 11:00 a.m. to December 16, 2022, at 9:00 a.m.

    5.    If Defendants fail to respond to this order to show cause by December 2, 2022, then the Court will remand this action to state court forthwith.

**IT IS SO ORDERED.**